UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARREN JOHNSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**AUSTIN, *et al.*,**<br><br>Defendant. | 2:23-CV-10021-TGB-KGA<br><br>**ORDER GRANTING REQUEST FOR LEAVE TO FILE, DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT** |

Darren Johnson, a Michigan prisoner who represents himself, has filed a complaint, alleging that prison officials retaliated against him by filing a false misconduct report and then violated his due process rights during a prison disciplinary hearing. 28 U.S.C. § 1983. ECF No. 1. He asks for leave to proceed without prepaying the filing fee. ECF No. 3. Because Johnson has previously been declared a vexatious litigant and is enjoined from filing lawsuits in this District without advance leave from the Court, *Johnson v. Schultz, et al.*, No. 2:22-CV-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022) (Murphy, J.), he also asks for leave to file his complaint in the first place. ECF No. 2.

For the reasons explained below, the Court will **GRANT** Johnson permission to file, **DENY** his application for leave to proceed without prepaying the filing fee, and **DISMISS** his complaint.

1

## I. LEGAL STANDARDS

Johnson seeks leave to file his complaint and to proceed without prepaying the filing fee—*i.e.*, to proceed *in forma pauperis*.

The Sixth Circuit has held that a district court may enjoin vexatious litigants from filing new cases without obtaining advance leave from the Court. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). The purpose of this rule is to prevent prolific litigators from draining the Court's resources while at the same time allowing them meaningful access to the courts for potentially meritorious claims. *Id.*

The Prison Litigation Reform Act of 1995, meanwhile, provides that, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1132-33 (6th Cir. 1997). If a prisoner is granted leave to proceed *in forma pauperis*, he may avoid paying the full cost of the filing fee upfront; the district court directs prison officials to forward an initial partial payment on the filing fee from the prisoner's inmate trust account, and to forward monthly installment payments on the remainder. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

But a prisoner may not proceed *in forma pauperis* if he has incurred three or more "strikes"—meaning that, on three or more previous occasions, a federal court has dismissed the prisoner's actions as frivolous or malicious or for failure to state a claim upon which relief may be

granted—unless he alleges facts showing that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The allegations must be sufficiently serious to allow the Court to draw a reasonable inference that a "real and proximate" danger of serious physical injury exists at the time the complaint is filed. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (collecting cases). Conclusory, ridiculous, or clearly baseless assertions are insufficient. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *Rittner*, 290 F. App'x at 798. Nor do allegations of past danger or speculative future harm suffice to invoke the exception. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).

## II. DISCUSSION

In his complaint, Johnson alleges that prison officials retaliated against him for complaining about harassment by writing a false misconduct ticket against him for possessing alcohol and then violated his due process rights during a disciplinary hearing—which resulted in a 25-day loss of privileges that ended on January 8, 2023. ECF No. 1, PageID.7-9. He seeks damages and injunctive relief. *Id.* at PageID.10. He has named an investigator, two corrections officers, and his hearing officer as defendants. His complaint is legible and not facially frivolous, so the Court will **GRANT** his request for leave to file.

But Johnson is a so-called "three-striker;" he has had at least three cases dismissed for being frivolous, malicious, or for failure to state a claim. *See Johnson v. Quist*, No. 2:12-cv-11907, 2012 WL 2824176, *2 (E.D. Mich. July 10, 2012) (Edmunds, J.) (frivolous complaint); *Johnson v. Kuehne*, No. 2:12-cv-12878, 2012 WL 3113200, *3 (E.D. Mich. July 31, 2012) (Hood, J.) (complaint failed to state a claim); *Johnson v. Harrison*, No. 2:12-cv-12543, 2012 WL 3149111, *2 (E.D. Mich. Aug. 2, 2012) (Roberts, J.) (frivolous complaint).[1] He thus cannot proceed without prepaying the filing fee—unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In an effort to fall within this narrow exception to the three-strikes rule, Johnson asserts he is under imminent danger of serious physical injury because the constitutional violations of which he complains have

---

[1] Johnson has subsequently been denied leave to proceed *in forma pauperis* on numerous occasions because of the strikes he has accumulated. *See Johnson v. Moss,* No. 21-cv-10247, 2022 WL 1670104, *1-2 (E.D. Mich. May 25, 2022) (Berg, J.) (citing cases); *see also Johnson v. Serminski*, No. 22-cv-10660, 2022 WL 1138026 (E.D. Mich. April 18, 2022) (Leitman, J.); *Johnson v. Coffelt*, No. 2:21-cv-12675 (E.D. Mich. Nov. 30, 2021) (Drain, J.); *Johnson v. Kalat*, No. 2:21-cv-10085, 2021 WL 1720835 (E.D. Mich. April 30, 2021) (Berg, J.); *Johnson v. Brown*, No. 1:20-cv-434, 2020 WL 2781658 (W.D. Mich. May 29, 2020); *Johnson v. Hoober*, No. 1:18-cv-855 (W.D. Mich. Aug. 10, 2018); *Johnson v. Pallas*, No. 1:17-cv-1016 (W.D. Mich. Dec. 5, 2017); *Johnson v. Miller*, No. 1:17-cv-884, 2017 WL 4784406 (W.D. Mich. Oct. 24, 2017); *Johnson v. Mark,* No. 2:17-cv-10232 (E.D. Mich. Jan. 27, 2017) (Friedman, J.); *Johnson v. Kinder*, No. 2:16-cv-12698 (E.D. Mich. Aug. 23, 2016) (Friedman, J.); *Johnson v. Hulet*, No. 1:13-cv-837 (W.D. Mich. Aug. 15, 2013).

4

caused him to have panic attacks with chest pains, heart palpitations, choking sensations, labored breathing, and headaches which could potentially lead to a heart attack. ECF No. 1, PageID.28. But these allegations are insufficient to allow him to proceed *in forma pauperis*.

The Court notes that it is hardly plausible that a misconduct conviction resulting in a 25-day loss of privileges would cause such distress. Moreover, while panic attacks are unpleasant, courts have continually rejected conclusory and speculative allegations of stress-induced health consequences unless they have a nexus to the constitutional injury of which the plaintiff complains. *See, e.g., Jackson v. Novak*, No. 1:21-cv-1030, 2022 WL 100096, *3-4 (W.D. Mich. Jan. 11, 2022) (collecting cases and concluding that allegations of anxiety, headaches, and increased blood pressure from stress purportedly caused by a constitutional violation were too conclusory and speculative to establish imminent danger of serious physical injury). The Court concludes that Johnson's efforts to link his alleged symptoms to the disciplinary proceedings which are the subject of his complaint are not credible and do not meet the exception to the three-strikes rule. He thus cannot proceed without prepayment of the filing fee, and his civil rights complaint must be dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Johnson permission to file his complaint, ECF No. 2, but **DENIES** his application

5

for leave to proceed without prepaying the filing fee, ECF No. 3. Accordingly, his complaint is **DISMISSED** under 28 U.S.C. § 1915(g) without prejudice to refiling upon full payment of the filing fee.

**IT IS SO ORDERED**, this 24th day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge