UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARREN JOHNSON,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**AUSTIN,** *et al.***,**<br><br>　　　　　Defendants. | **2:23-CV-10021-TGB-KGA**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>**(ECF NO. 9)** |

　　　　Darren Johnson, a Michigan prisoner representing himself, moves to alter or amend this Court's January 24, 2023 Order, denying him leave to proceed in forma pauperis and dismissing his complaint. (ECF No. 9.) For the reasons explained below, the motion will be **DENIED**.

### I.　　BACKGROUND

　　　　Johnson has accrued three "strikes" under 28 U.S.C. § 1915(g) because he has had at least three prior cases dismissed as being frivolous, malicious, or for failure to state a claim. He therefore cannot proceed in forma pauperis—*i.e.*, without prepaying filing fees—unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

　　　　In his complaint, Johnson alleged that prison officials retaliated against him for complaining about harassment by writing a false misconduct ticket against him for possessing alcohol and then violated his due process rights during a disciplinary hearing—which resulted in a

1

25-day loss of privileges that ended on January 8, 2023. He further alleged that the incident caused him several symptoms, including panic attacks with chest pains, heart palpitations, choking sensations, labored breathing, and headaches, which could potentially lead to a heart attack.

The Court denied Johnson leave to proceed in forma pauperis and dismissed his complaint. It concluded that Johnson's allegations of stressed-induced health consequences were conclusory, speculative, and too attenuated from the constitutional violations that he alleged.

## II.   LEGAL STANDARD

A court may grant a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). But a Rule 59(e) motion is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)

## III.   DISCUSSION

In his motion, Johnson contends that that the Court erred in concluding that he failed to adequately allege imminent danger of serious physical injury. More specifically, he asserts that the Court committed a legal error by requiring him to provide affirmative proof of the stress-induced health consequences he alleged instead of recognizing that 28 U.S.C. § 1915(g) establishes only a pleading requirement.

Johnson is correct that, at the complaint stage, he was not required to affirmatively prove his allegations. *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012). But as the Court explained, "conclusory, ridiculous, or clearly baseless" allegations do not suffice to allege imminent harm under § 1915(g). *Id.* (citing *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). The "imminent danger" exception to the "three strikes" rule does not permit litigants to make an end-run around it.

Johnson's allegations of stress-induced health consequences from a 28-day loss of privileges which could "potentially" lead to a heart attack are speculative and baseless. *See, e.g.*, *Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (in case regarding denial of accommodation for sleeping disorder, prisoner's general allegations that he was sleepwalking and could fall off the top bunk were too conclusory and speculative to adequately allege imminent danger). Moreover, they lack an apparent nexus to the constitutional violation of which he complaints.

Johnson has failed to identify an error of law in the Court's ruling. He merely disagrees with it.

### IV.   CONCLUSION

For the reasons explained above, Johnson's motion to alter or amend the judgment is **DENIED**. This case remains closed. No further pleadings should be filed.

**IT IS SO ORDERED** this 24th day of February, 2023.

3

BY THE COURT:


<u>/s/Terrence G. Berg</u>
TERRENCE G. BERG
United States District Judge